# THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

JASON D. GLAZE, as conservator and guardian of J.B.G., an incapacitated adult,

     Plaintiff,

     v.

DOGWOOD HILLS STATE SCHOOL PTO,
a Governmental Entity,

     Serve at:     Registered Agent
                    Laura Baucom
                    114 N. Spruce Street
                    Eldon, MO 65026

     and

DOGWOOD HILLS STATE SCHOOL BOARD
OF EDUCATION,
a Governmental Entity,

     Serve at:     Amy Smith, Principal
                    114 North Spruce
                    Eldon, MO 65026

     and

MATTHEW DAVIS,
In His Individual and Official Capacity,

     Serve at Place of Employment:

                    Dogwood Hills State School
                    114 North Spruce
                    Eldon, MO 65026

     and

MARY C. WOOD,
In Her Individual and Official Capacity,

     Serve at Place of Employment:

Case No.

|  | ) |
| --- | --- |
| Dogwood Hills State School | ) |
| 114 North Spruce | ) |
| Eldon, MO 65026 | ) |
|  | ) |
| and | ) |
|  | ) |
| AARON BERENDZEN, | ) |
| In His Individual and Official Capacity, | ) |
|  | ) |
| Serve at Place of Employment: | ) |
|  | ) |
| Dogwood Hills State School | ) |
| 114 North Spruce | ) |
| Eldon, MO 65026 | ) |
|  | ) |
| and | ) |
|  | ) |
| NICOLE JONES, | ) |
| In Her Individual and Official Capacity, | ) |
|  | ) |
| Serve at Place of Employment: | ) |
|  | ) |
| Dogwood Hills State School | ) |
| 114 North Spruce | ) |
| Eldon, MO 65026 | ) |
|  | ) |
| and | ) |
|  | ) |
| SHERYL YOUNGBLOOD, | ) |
| In Her Individual and Official Capacity, | ) |
|  | ) |
| Serve at Place of Employment: | ) |
|  | ) |
| Dogwood Hills State School | ) |
| 114 North Spruce | ) |
| Eldon, MO 65026 | ) |
|  | ) |
| and | ) |
|  | ) |
| KIMBERLY BREWNER, | ) |
| In Her Individual and Official Capacity, | ) |
|  | ) |
| Serve at Place of Employment: | ) |
|  | ) |
| Dogwood Hills State School | ) |

2

|  | 114 North Spruce | ) |
|  | Eldon, MO 65026 | ) |
|  |  | ) |
| Defendants. |  | ) |

## **COMPLAINT**

COMES NOW Plaintiff Jason D. Glaze, as conservator and guardian of JBG, an incapacitated adult, for his Complaint for Damages against Defendants and for the allegations common to all counts of this Complaint states as follows:

1. At all times hereto, Jason D. Glaze is a resident of Miller County, Missouri, which is in the Western District of Missouri.

2. That Jason D. Glaze was appointed as guardian and conservator of JBG, in Miller County Case Number 24ML-PR00101 and continues to serve in that capacity.

3. Defendant Dogwood Hills State School (hereinafter referred to as "District") is a public school district operating public schools located within the Western District of Missouri, organized and existing under the laws of the State of Missouri and is a public entity.

4. Defendant Dogwood Hills State School Board of Education (hereinafter referred to as "Board") is a group of individuals who serve, operate, oversee the District, and hire/terminate individuals employed within the Eldon School District.

5. At all relevant times, Defendants Matt Davis, Mary C. Wood, Aaron Berendzen, Nicole Jones, Sheryl Youngblood, and Kim Brewner were actively employed by the Dogwood Hills State School. They are all sued in both their individual and official capacities.

6. At the time JBG was abused, the individual Defendants held the following positions within the Dogwood Hills State School:

   a. Matt Davis: Superintendent;

3

b.  Mary C. Wood:  Assistant Superintendent;

c.  Aaron Berendzen: Special Education Director/LEA;

d.  Sheryl Youngblood: Area II Director;

e.  Nicole Jones: School Building Administer/Principal; and

f.  Kim Brewner: Teacher's Aide.

7.  Venue and jurisdiction is proper in this Court.

8.  During the 2023-2024 academic year, JBG was a special education student at the Eldon School District. Specifically, she attended Dogwood Hills State School of Eldon.

9.  At all relevant times herein, JBG was in the care, custody and/or control of the Dogwood Hills State School and its employees/agents/officials/servants.

10. Defendant Kim Brewner was one of the JBG's teachers' aides during the 2023-2024 academic year at the Dogwood Hills State School of Eldon.

11. During the 2023-2024 academic year, Kim Brewner physically harassed JBG, physically discriminated against JBG, and physically assaulted JBG.

12. Kim Brewner has a history of physically harassing students, discriminating against students, and physically assaulting students. Her conduct consisted of:

a.  Dragging students out of classrooms by their arms;

b.  Gripping her hand over students' faces and pushing the students' faces into their wheelchair for several minutes;

c.  Placing clothing over students' heads and faces and tying them up so they cannot move;

d.  Slapping shoes together in students' faces for taking their shoes off;

e.  Yelling at students for not speaking clearly;

4

and

  f. Physically assaulting/abusing students.

13. Kim Brewner was employed by the Dogwood Hills State School in the Eldon School District during the time of the alleged previous incidents.

14. On December 6, 2023, Kim Brewner physically assaulted JBG at school as Kim Brewner open palmed her hand over JBG's face like a basketball and pushed JBG's head against JBG's wheelchair holding JBG there for several minutes.

15. On December 8, 2023, Kim Brewner physically assaulted JBG at school as Kim Brewner placed JBG's jacket over JBG's head and face and tie the arms of JBG's jacket to JBG's wheelchair and stated "now she can't move her arms".

16. As a result of the December 6 and December 8, 2023 conduct, Kim Brewner was supposedly terminated from her employment at Dogwood Hills State School.

17. The Defendants are estopped from denying Brewner's abuse, assault, and harassment of Plaintiff.

18. Kim Brewner has physically harassed, physically discriminated against, and/or physically assaulted at least three Dogwood Hills State School students.

19. On August 23, 2023, prior to the physical assault of JBG, a seclusion/restraint parent form was completed by Nicole Jones, Principal, wherein it states that Kimberly Brewer escorted a child out of a room by dragging the child by his arm. If properly investigated, Brewer would have been fired and would not have been able to abuse JBG on December 6, 2023 or December 8, 2023.

20. Prior to assaulting Plaintiff, on December 6, 2023, Brewner took a male student shoes and slapped the shoes together in front of the child's face yelling at him because he kicked his shoes off.

21. On December 6, 2023, Brewner got into another male students face yelling at him to apologize and when the student apologized Brewner started yelling at him again because he did not say it the way she thought he should.

22. To date, the Dogwood Hills State School District and/or Board of Education have failed to conduct a meaningful investigation to determine the full number of Dogwood Hills State School students victimized by Brewner nor how the District's employees failed to address the situation prior to December 6, 2023 and December 8, 2023.

23. Defendants District, Board of Education, Davis, Wood, Berendzen, Youngblood, and/or Jones had actual and constructive notice of Brewner's misconduct, harassment, discrimination, assaults, and/or abuse.

24. Defendants District, Board of Education, Davis, Wood, Berendzen, Youngblood, and/or Jones aided and abetted Brewner by failing to stop the abuse.

25. At all relevant times herein, Davis, Wood, Berendzen, Youngblood, and/or Jones were acting in the course and scope of their employment with the Dogwood Hills State School Eldon School District. Thus, the District is vicariously liable for their acts and omissions.

26. At all relevant times herein, Brewner was acting in the course and scope of her employment with the Dogwood Hills State School Eldon School District. Thus, the District is vicariously liable for her acts and omissions.

27. The Dogwood Hills State School of the Eldon School District is the recipient of federal financing assistance and thus subject to Title IX of the Education Amendments Act of 1972 ("Title IX").

28. Plaintiff brings his claims for damages under 42 U.S.C. § 1983, Title IX, the Missouri Human Rights Act, and Missouri common law.

29. The Defendants are jointly and severally liable for Plaintiff's damages.

### COUNT I – ASSAULT & BATTERY AGAINST KIMBERLY BREWNER

30. Plaintiff hereby reasserts all prior allegations in paragraphs 1 through 29 of this Complaint as if fully contained herein.

31. On December 6, 2023 and December 8, 2023, Kimberly Brewner intentionally assaulted and battered JBG by unlawfully touching Plaintiff's body, striking Plaintiff's body, shoving Plaintiff's body and restraining Plaintiff's person.

32. Defendant Brewner's conduct was without any lawful justification.

33. As a direct and proximate cause of the conduct referred to herein, JBG suffered damages including physical injury, emotional distress, pain and suffering, panic attacks, anguish, anxiety, depression, loss of enjoyment of life, and post-traumatic stress disorder.

34. As a direct and proximate cause of the conduct referred to herein, JBG will continue to suffer future damages including emotional distress, future lost wages, future pain and suffering, future emotional distress, future medical expenses, and loss of enjoyment of life.

35. Defendant Brewner's conduct was willful, wanton, done with evil motive, and with a reckless and/or intentional disregard for the rights of Plaintiff, which entitles JBG to an award of punitive damage against Defendant Brewner.

7

WHEREFORE Plaintiff respectfully requests judgment in his favor and against Defendant Brewner for a fair and reasonable sum, for punitive damages, for his attorneys' fees, for pre-judgment interest and post-judgment interest, for aggravating damages against Defendant Brewner, for Plaintiff's costs herein incurred and for such other and further relief as the Court deems just under the circumstances.

## COUNT II – VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C § 1983 AGAINST DEFENDANT BREWNER

36. Plaintiff hereby reasserts all prior allegations in paragraphs 1 through 29 and 31 through 35 of this Complaint as if fully contained herein.

37. Defendant Brewner's December 6, 2023 and December 8, 2023 conduct towards JBG as described in this Complaint was a violation of JBG's 4th Amendment Right under the United States Constitution to be free from unlawful and unreasonable seizures, which is a fundamental civil right.

38. As a direct and proximate cause of the conduct referred to herein, JBG suffered damages including physical injury, emotional distress, pain and suffering, panic attacks, anguish, anxiety, depression, loss of enjoyment of life, and post-traumatic stress disorder.

39. As a direct and proximate cause of the conduct referred to herein, JBG will continue to suffer future damages including emotional distress, future lost wages, future pain and suffering, future emotional distress, future medical expenses, and loss of enjoyment of life.

40. Defendant Brewner's conduct was willful, wanton, done with evil motive, and with a reckless, and/or intentional disregard for the rights of JBG, which entitles JBG to an award of punitive damages against Brewner.

41. As a matter of law, Plaintiff is entitled to attorney fees.

8

WHEREFORE Plaintiff respectfully requests judgment in his favor and against Defendant Brewner for a fair and reasonable sum, for punitive damages, for his attorneys' fees, for pre-judgment interest and post-judgment interest, for aggravating damages against Defendant Brewner, for Plaintiff's costs herein incurred and for such other and further relief as the Court deems just under the circumstances.

## COUNT III – VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT DUE PROCESS RIGHTS UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT BREWNER

42. Plaintiff hereby reasserts all prior allegations in paragraphs 1 through 29, 31 through 35 and 37 through 41 of this Complaint as if fully contained herein.

43. Defendant Brewner's December 6, 2023 and December 8, 2023 conduct towards JBG as described in this Complaint was a violation of Plaintiff's 14th Amendment Right under the United States Constitution. Specifically, it was a violation of Plaintiff's due process right to bodily liberty, which is a fundamental right.

44. As a direct and proximate cause of the conduct referred to herein, JBG suffered damages including physical injury, emotional distress, pain and suffering, panic attacks, anguish, anxiety, depression, loss of enjoyment of life, and post-traumatic stress disorder.

45. As a direct and proximate cause of the conduct referred to herein, JBG will continue to suffer future damages including emotional distress, future pain and suffering, future emotional distress, future medical expenses, and loss of enjoyment of life.

46. Brewner's conduct was willful, wanton, done with evil motive, and with a reckless and/or intentional disregard for the rights of JBG, which entitles JBG to an award of punitive damages against Brewner.

47. As a matter of law, Plaintiff is entitled to attorney fees.

9

WHEREFORE Plaintiff respectfully requests judgment in his favor and against Defendant Brewner for a fair and reasonable sum, for punitive damages, for his attorneys' fees, for pre-judgment interest and post-judgment interest, for aggravating damages against Defendant Brewner, for Plaintiff's costs herein incurred and for such other and further relief as the Court deems just under the circumstances.

## COUNT IV – VIOLATION OF TITLE IX AGAINST THE DOGWOOD HILLS STATE SCHOOL OF THE ELDON SCHOOL DISTRICT

48. Plaintiff hereby reasserts all prior allegations of paragraphs 1 through 29, 31 through 35, 37 through 41 and 43 through 47 of this Complaint as if fully contained herein.

49. At the time of the abuse of the JBG, JBG was a participant of the Dogwood Hills State School of the Eldon School District's education program/activity.

50. Title IX prohibits the discrimination/harassment of education program/activity participants on the basis of disability.

51. JBG was discriminated against and/or harassed on the basis of disability, which denied her the benefits of the education program/activity.

52. The discrimination/harassment occurred during an educational program/activity by the Dogwood Hills State School of the Eldon School District.

53. JBG was harassed by and discriminated against by a Dogwood Hills State School of the Eldon School District employee (Kimberly Brewner).

54. Defendant Dogwood Hills State School of the Eldon School District was on actual notice of prior discrimination and/or harassment by Brewner.

55. The District failed to remedy the discrimination and harassment.

56. The District was consciously deliberately indifferent to the rights of Plaintiff, and others, when it failed to properly remedy Brewner's harassment/discrimination against students.

10

57. As a direct and proximate cause of the conduct referred to herein, JBG suffered damages including physical injury, emotional distress, pain and suffering, panic attacks, anguish, anxiety, depression, loss of enjoyment of life, and post-traumatic stress disorder.

58. As a direct and proximate cause of the conduct referred to herein, JBG will continue to suffer future damages including emotional distress, future lost wages, future pain and suffering, future emotional distress, future medical expenses, and loss of enjoyment of life.

59. As a direct and proximate cause of the conduct referred to herein, JBG was denied the access to an equal opportunity to education.

60. The District's conduct was willful, recklessly indifferent to the rights of others, and/or wanton, which entitles JBG to an award of punitive damages against Defendant Dogwood Hills State School of the Eldon School District.

61. As a matter of law, Plaintiff is entitled to reasonable attorney fees.

WHEREFORE Plaintiff respectfully requests judgment in his favor and against Defendant District for a fair and reasonable amount, for punitive damages, for his attorneys' fees, for pre-judgment interest and post-judgment interest, for aggravating damages against Defendants, for their costs herein incurred and for such other and further relief as the Court deems just under the circumstances.

### COUNT V – VIOLATION OF RIGHTS UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS DISTRICT, BOARD OF EDUCATION, DAVIS, WOOD, BERENDZEN, YOUNGBLOOD, AND/OR JONES

62. Plaintiff hereby reasserts all prior allegations in paragraphs 1 through 29, 31 through 35, 37 through 41, 43 through 47 and 49 to 61 of this Complaint as if fully contained herein.

11

63. As previously set forth herein, Defendant Brewner violated one or more of JBG's fundamental civil rights.

64. Brewner was a state-created danger to which JBG was exposed at the Dogwood Hills State School of the Eldon School District.

65. The Defendants had an affirmative duty to protect JBG from the state-created dangers when JBG was in their care, custody, and/or control.

66. The Defendants failed to protect JBG from the state-created danger that was Kimberly Brewner.

67. Defendants District, Board of Education, Davis, Wood, Berendzen, Youngblood, and/or Jones had actual notice of Brewner's previous conduct where Brewner violated other students' right to bodily liberty.

68. Defendants District, Board of Education, Davis, Wood, Berendzen, Youngblood, and/or Jones were administrators of the District. They each had the ability to discipline Brewner's and prevent her misconduct.

69. Defendants District, Board of Education, Davis, Wood, Berendzen, Youngblood, and/or Jones were administrators and policymakers for matters pertaining to training, hiring and firing, discipline of employees, overseeing student and teacher conduct, preventing harassment, reporting misconduct (including physical abuse and harassment), investigating misconduct, and/or ensuring that the District (including hallways and accommodations) was free of abuse and harassment.

70. The Defendants were on actual notice of and deliberately indifferent to Brewner's previous constitutional violations and failed to remedy the situation to prevent future constitutional violations of JBG's rights, as well as the rights of other students.

71. The Defendants' deliberate indifference was a conscious choice.

72. The Defendants also breeched their duty to JBG in one or more of the following ways:

   a. Continuing to retain Brewner as an employee after receiving prior complaints/reports of Brewner's harassment, discrimination, and abuse of students;

   b. Failing to properly investigate and address prior complaints/reports of Brewner's harassment, discrimination, and abuse of students;

   c. Failing to adequately train the District employees to recognize, report, and prevent physical abuse, harassment/discrimination and/or abuse of students;

   d. Having policies, practices, customs, and patterns of behavior of employees physically abusing, harassing, discriminating against, and/or abusing students; and

   e. Failing to recognize past signs of Brewner's physical abuse, harassment, and discrimination of students.

73. As a direct and proximate cause of the conduct referred to herein, JBG suffered damages including physical injury, emotional distress, pain and suffering, panic attacks, anguish, anxiety, depression, loss of enjoyment of life, and post-traumatic stress disorder.

74. As a direct and proximate cause of the conduct referred to herein, JBG will continue to suffer future damages including emotional distress, future pain and suffering, future emotional distress, future medical expenses, and loss of enjoyment of life.

75. The Defendants' conduct was willful, recklessly indifferent to the rights of others, and/or wanton, which entitles JBG to an award of punitive damages against Defendants.

76. As a matter of law, Plaintiff is entitled to reasonable attorney fees.

13

WHEREFORE Plaintiff respectfully requests judgment in his favor and against Defendants District, Board of Education, Davis, Wood, Berendzen, Youngblood, and Jones, jointly and severally, for a fair and reasonable amount, for punitive damages, for his attorneys' fees, for pre-judgment interest and post-judgment interest, for aggravating damages against Defendants, for their costs herein incurred, and for such other and further relief as the Court deems just under the circumstances.

<u>**COUNT VI – VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AGAINST DEFENDANT DOGWOOD HILLS STATE SCHOOL OF THE ELDON SCHOOL DISTRICT**</u>

77. Plaintiff hereby reasserts all prior allegations of paragraphs 1 through 29, 31 through 35, 37 through 41, 43 through 47, 49 to 61 and 63 through 77 of this Complaint as if fully contained herein.

78. Under the Missouri Human Rights Act, the Dogwood Hills State School of the Eldon School District operates a public accommodation.

79. Under the Missouri Human Rights Act, discrimination/harassment at public accommodations is prohibited.

80. JBG was harassed and discriminated against on the basis of physical disabilities at the Dogwood Hills State School of the Eldon School District and received unfair treatment.

81. The harassment and discrimination was substantial and interfered with and/or denied JBG the meaningful use of the public accommodations, advantages, facilities, services and/or privileges made available to students at the Dogwood Hills State School of the Eldon School District and negatively affected a term and condition of Plaintiff's right to a public education at a place of public accommodation.

14

82. Plaintiff filed a timely complaint with the Missouri Commission on Human Rights, which is the administrative agency charged with investigation of such complaints.

83. Plaintiff received a Right to Sue Notice from the Missouri Commission on Human Rights.

84. Plaintiff timely filed his claims with this Court based on the Right to Sue Notice from the Missouri Human Rights Commission.

85. The District knew or should have known of Brewner's abuse, harassment, and/or discrimination on the basis of disability.

86. The District had a duty to prevent the harassment/discrimination of students and failed to do so.

87. Plaintiff's disabilities were the motivating factor of the abuse, harassment and/or discrimination that occurred at the District. JBG had to endure abuse, harassment and discrimination that students without disabilities did not.

88. Defendant District refused to take action to remedy the harassment/discrimination, which would have stopped Brewner from abusing, discriminating against and/or harassing Plaintiff.

89. Defendant District's acts and omissions caused JBG to be denied the use and enjoyment of her right to a public accommodation, a safe learning environment, and equal access to the public accommodation.

90. As a direct and proximate cause of the conduct referred to herein, JBG suffered damages including physical injury, emotional distress, pain and suffering, panic attacks, anguish, anxiety, depression, loss of enjoyment of life, and post-traumatic stress disorder.

15

91. As a direct and proximate cause of the conduct referred to herein, JBG will continue to suffer future damages including emotional distress, future pain and suffering, future emotional distress, future medical expenses, and loss or enjoyment of life.

92. The Defendants' conduct was willful, recklessly indifferent to the rights of others, and/or wanton, which entitles JBG to an award of punitive damages against Defendants.

93. As a matter of law, Plaintiff is entitled to reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants District for a fair and reasonable amount, for punitive damages, for his attorneys' fees, for pre-judgment interest and post-judgment interest, for aggravating damages against Defendants, for their costs herein incurred and for such other and further relief as the Court deems just under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully Submitted,

Daniel C. Mizell #46408
DEPUTY AND MIZELL, L.L.C.
Post Office Box 689
Lebanon, Missouri 65536
Telephone:     (417) 532-2191
Facsimile:     (417) 532-8077
Email:          dan@deputyandmizell.com

ATTORNEY FOR PLAINTIFF

16